UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MIGUEL QUITO, JORGE RENE MONTERO,
NELSON IVAN MONTERO TENEZACA,
MIKE MONTERO, JOSE LUCAS MONTERO
TENEZACA, and ANDRES SALTO, *individually
and on behalf of others similarly situated,*

              Plaintiffs,

      v.

JT RENOVATION NEW YORK INC.
(D/B/A JT RENOVATION NEW YORK), 786
CORONA CORP., 108-01 ROOSEVELT AVE.
CORP., FARROUKH HAFEEZ and JOSE B.
TIGRE,

              Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CV-6439 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), against JT Renovation, 786 Corona Corp., and 108-01 Roosevelt Ave. Corp. (the "Defendant Corporations"), and Farroukh Hafeez and Jose B. Tigre (the "Individual Defendants" and, together with the Defendant Corporations, "Defendants"). Plaintiffs allege Defendants failed to pay minimum wage, overtime, and spread-of-hours compensation, and failed to provide wage statements. Compl., ECF No. 1. Defendants 786 Corona Corp., 108-01 Roosevelt Ave. Corp., and Farroukh Hafeez (the "Moving Defendants") now move to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Mem. of Law in Support of Mot. to Dismiss ("Defs.' Mem."), ECF No. 20. For the reasons set forth below, the Moving Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### I.  Facts

Plaintiffs state they are former construction workers for JT Renovation New York ("JT Renovation") and Farroukh Hafeez and Jose B. Tigre (the "Individual Defendants"). Compl. ¶¶ 1–4. Although Plaintiffs were formally employed by JT Renovation, they contend two other businesses—786 Corona Corp. and 108-01 Roosevelt Ave Corp.—effectively employed them as well. *Id.* ¶ 35–36. Plaintiffs contend the Individual Defendants own the Defendant

Corporations, all of which are organized under the laws of New York. *Id.* ¶¶ 28–32, 34.

Plaintiffs allege the Defendant Corporations "act in the interest of each other with respect to

employees, pay employees by the same method, and share control over the employees." *Id.* ¶ 35.

Plaintiffs allege Defendants "maintained a policy and practice of requiring Plaintiffs and

other employees" to work over forty (40) hours per week without paying them minimum wage,

overtime, and spread-of-hours compensation. *Id.* ¶ 10. Plaintiffs also allege Defendants failed to

provide written notice of their rate of pay or an accurate wage statement. *Id.* ¶¶ 180–85. Lastly,

Plaintiffs allege Defendants unlawfully deducted their wages. *Id.* ¶¶ 186–93.

## II. Procedural History

On November 18, 2021, Plaintiffs filed a Complaint on behalf of themselves, and all

other employees similarly situated, claiming violations of the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq.* ("FLSA"), NYLL §§ 190 *et seq.* and 650 *et seq.*, and N.Y. Comp. Codes

Rules and Regulations, tit. 12 § 146-1.6. Compl. ¶ 11. Plaintiffs aver the Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, and supplemental jurisdiction

over their state law claims pursuant to 28 U.S.C. § 1367(a). *Id.* ¶ 13. Defendants 786 Corona

Corp., 108-01 Roosevelt Ave. Corp., and Farroukh Hafeez (the "Moving Defendants") move to

dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), contending they are not

properly considered Plaintiffs' employers. Mem. of Law in Support of Mot. to Dismiss ("Defs.'

Mem.") at 4, ECF No. 20.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MIGUEL QUITO, JORGE RENE MONTERO,     :
NELSON IVAN MONTERO TENEZACA,     :
MIKE MONTERO, JOSE LUCAS MONTERO     :
TENEZACA, and ANDRES SALTO, *individually* :
*and on behalf of others similarly situated,*

              Plaintiffs,     :

                                 :        **MEMORANDUM & ORDER**
       v.                   :        21-CV-6439 (WFK)

JT RENOVATION NEW YORK INC.         :
(D/B/A JT RENOVATION NEW YORK), 786  :
CORONA CORP., 108-01 ROOSEVELT AVE. :
CORP., FARROUKH HAFEEZ and JOSE B.  :
TIGRE,                                 :

              Defendants.     :
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), against JT Renovation, 786 Corona Corp., and 108-01 Roosevelt Ave. Corp. (the "Defendant Corporations"), and Farroukh Hafeez and Jose B. Tigre (the "Individual Defendants" and, together with the Defendant Corporations, "Defendants"). Plaintiffs allege Defendants failed to pay minimum wage, overtime, and spread-of-hours compensation, and failed to provide wage statements. Compl., ECF No. 1. Defendants 786 Corona Corp., 108-01 Roosevelt Ave. Corp., and Farroukh Hafeez (the "Moving Defendants") now move to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Mem. of Law in Support of Mot. to Dismiss ("Defs.' Mem."), ECF No. 20. For the reasons set forth below, the Moving Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### I.  Facts

Plaintiffs state they are former construction workers for JT Renovation New York ("JT Renovation") and Farroukh Hafeez and Jose B. Tigre (the "Individual Defendants"). Compl. ¶¶ 1–4. Although Plaintiffs were formally employed by JT Renovation, they contend two other businesses—786 Corona Corp. and 108-01 Roosevelt Ave Corp.—effectively employed them as well. *Id.* ¶ 35–36. Plaintiffs contend the Individual Defendants own the Defendant

Corporations, all of which are organized under the laws of New York. *Id.* ¶¶ 28–32, 34. Plaintiffs allege the Defendant Corporations "act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees." *Id.* ¶ 35.

Plaintiffs allege Defendants "maintained a policy and practice of requiring Plaintiffs and other employees" to work over forty (40) hours per week without paying them minimum wage, overtime, and spread-of-hours compensation. *Id.* ¶ 10. Plaintiffs also allege Defendants failed to provide written notice of their rate of pay or an accurate wage statement. *Id.* ¶¶ 180–85. Lastly, Plaintiffs allege Defendants unlawfully deducted their wages. *Id.* ¶¶ 186–93.

## II. Procedural History

On November 18, 2021, Plaintiffs filed a Complaint on behalf of themselves, and all other employees similarly situated, claiming violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), NYLL §§ 190 *et seq.* and 650 *et seq.*, and N.Y. Comp. Codes Rules and Regulations, tit. 12 § 146-1.6. Compl. ¶ 11. Plaintiffs aver the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a). *Id.* ¶ 13. Defendants 786 Corona Corp., 108-01 Roosevelt Ave. Corp., and Farroukh Hafeez (the "Moving Defendants") move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), contending they are not properly considered Plaintiffs' employers. Mem. of Law in Support of Mot. to Dismiss ("Defs.' Mem.") at 4, ECF No. 20.

## ANALYSIS

### I.    The Moving Defendants Improperly Classify Their Motion as a Challenge to Subject Matter Jurisdiction.

#### a.  Legal Standard

Courts dismiss an action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (citations and internal quotation marks omitted).  To establish Article III standing, plaintiffs must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Transunion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  Plaintiffs must allege facts "that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

Defendants may bring fact-based motions under Fed. R. Civ. P. 12(b)(1), "proffer[ing] evidence outside the pleading to challenge the plaintiff's allegations of standing." *Lugo v. City of Troy, N.Y.*, 114 F.4th 80, 87 (2d Cir. 2024) (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)).  "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to standing." *Carter*, 822 F.3d at 57.

#### b.  Discussion

At the outset, the Moving Defendants attempt to classify their motion as a fact-based challenge to this Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), arguing "[i]n Title VII cases, some courts in this district have analyzed the issue of whether or not a defendant

3

is the plaintiff's employer as a challenge to this Court's subject matter jurisdiction." Defs. Mem.

at 4 (internal citations omitted). The Moving Defendants contend Plaintiffs' injuries are not

"fairly traceable to them" because they are not Plaintiffs' formal employers, depriving this Court

of subject matter jurisdiction. Defs.' Reply Mem. at 2–4; *see* Hafeez Aff., ECF No. 21-1.

The Moving Defendants' argument should not be analyzed as a jurisdictional question

under Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction in federal-question cases is

sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound

by the federal law asserted as a predicate for relief—a merits-related determination." *Da Silva v.*

*Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000) (quoting 2 Moore's Fed. Practice §

12.30[1] at 12–36 (3d ed. 2000)). "[W]here the asserted basis for subject matter jurisdiction is

also an element of the plaintiff's allegedly federal cause of action, we ask only whether—on its

face—the complaint is drawn so as to seek recovery under federal law or the Constitution." *Id.*

at 364 (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir.

1996)); *see Saca v. Dav-El Rsrv. Sys., Inc.*, 600 F. Supp. 2d 483, 486 (E.D.N.Y. 2009)

(Mauskopf, J.) ("[A] dispute over the existence of a prerequisite for applying a federal statute

[goes] to the merits of the case, *not* the court's subject matter jurisdiction. . . . That the amended

complaint asserts claims 'arising under' federal law—the FLSA—is sufficient to confer subject

matter jurisdiction in this case.").

Because Plaintiffs bring claims under the FLSA, a federal statute, the Court has federal

question jurisdiction over this case. 28 U.S.C. § 1331; *see Hsieh Liang Yeh v. Han Dynasty,*

*Inc.*, 18-CV-6018, 2019 WL 633355, at *3–4 (S.D.N.Y. Feb. 14, 2019) (Engelmayer, J.)

(denying defendants' motion to dismiss under Fed. R. Civ. P. (12)(b)(1) where defendants

argued they were not plaintiff's "employer" within the meaning of the FLSA); *Fox v.*

4

*Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 08-CV-1686, 2009 WL 1813230

(E.D.N.Y. June 25, 2009) (Garaufis, J.) (denying defendants' motion to dismiss under Fed. R.

Civ. P.12(b)(1) where defendants challenged the applicability of an a FLSA exemption).

Properly understood, the Moving Defendants' argument that they were not Plaintiffs'

employer relates to the merits of this case, not to this Court's subject matter jurisdiction. *Hsieh*

*Liang Yeh*, 2019 WL 633355, at \*4 ("The question whether the Moving Defendants were . . .

employers of [plaintiff] . . . goes to the merits. It concerns not a jurisdictional question.").

Accordingly, the Court denies the Moving Defendants' motion to dismiss under Fed. R. Civ. P.

12(b)(1) and proceeds to evaluating these arguments under Fed. R. Civ. P. 12(b)(6).

## II.    Plaintiffs Do Not Allege Sufficient Facts to Show They Were Employed by the Moving Defendants.

### a. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*

The Court accepts as true all factual allegations in the Complaint and draws all

reasonable inferences in Plaintiffs' favor.[1] *Twombly*, 550 U.S. at 555. The Court is not,

---

[1] District courts cannot generally consider matters outside the pleadings when evaluating motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 188 (E.D.N.Y. 2024) (Chen, J.). Accordingly, the Court does not consider the Hafeez Declaration or the Hafeez Contract in connection with the Moving Defendants' motion under Fed. R. Civ. P. 12(b)(6). *See* Defendants' Exhibits, ECF No. 21. The Court takes judicial notice of the existence of, and statements in, the public records attached to Defendants'

however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556

U.S. at 678 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id.*

### b. Discussion

#### i. The Defendant Corporations

To survive dismissal, Plaintiffs must plausibly plead facts showing they were employed

by the Moving Defendants. Plaintiffs can meet this burden by demonstrating the Moving

Defendants (1) jointly employed them,[2] or (2) effectively operated as a single employer with JT

Renovation.[3] *Murphy v. Heartshare Human Servs. of N.Y.*, 254 F. Supp. 3d 392, 395 (E.D.N.Y.

2017) (Weinstein, J.) ("Because the relevant sections of the FLSA and NYLL apply only to

employers, plaintiffs must plausibly plead facts demonstrating that the [defendant entities] were

in effect jointly their single employer in order for their claims to survive.").

As alleged in the Complaint, Plaintiffs were formally employed by JT Renovation, a

construction company. Compl. ¶¶ 1–4. Plaintiffs allege 786 Corona Corp. and 108-01

Roosevelt Ave. Corp. "jointly employed Plaintiffs" or "constitute[d] a single employer"

---

motion. *In re Arcimoto Inc., Securities Litigation*, 21-CV-2143, 2022 WL 17851834 (E.D.N.Y. Dec. 22, 2022) (Chen, J.).

[2] Courts in the Second Circuit consider four factors when determining whether an entity is a joint employer with formal control over employees: "whether the defendant (1) had the power to hire and fire the employee, (2) supervised and controlled employee's work schedules or conditions of employment, (3) determined the employee's rate and method of payment, and (4) maintained employment records." *Zabrodin v. Silk 222, Inc.*, 702 F. Supp. 3d 102, 117 (E.D.N.Y. 2023) (Matsumoto, J.) (citing *Irizarry v. Catsimatidis,* 722 F.3d 99, 104 (2d Cir. 2013)).

[3] Courts in the Second Circuit consider the following factors when determining whether legally separate entities should be regarded as a single employer: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Griffin v. Sirva Inc.*, 835 F.3d 283, 292 (2d Cir. 2016) (citation omitted). For example, two entities may have "interrelated operations" if they share common management, décor, uniforms, sales products, and marketing. *See, e.g., Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (Nathan, J.).

alongside JT Renovation. *Id.* ¶¶ 37–38. The Moving Defendants contend they are not Plaintiffs'

employer under either the joint- or single-employer test and, therefore, are not liable for

Plaintiffs' claims under the FLSA or NYLL. Defs.' Mem. at 6. Rather, the Moving Defendants

argue 786 Corona Corp. and 108-01 Roosevelt Ave. Corp. are merely "building owners who

contracted [with] JT Renovation for certain construction works." Defs.' Mem. at 6, 8–9. The

Court agrees: the Complaint does not plausibly suggest that 786 Corona Corp. and 108-01

Roosevelt Ave. Corp. are Plaintiffs' employers.

As far as 786 Corona Corp. and 108-01 Roosevelt Ave. Corp. are concerned, Plaintiffs'

allegations consist entirely of conclusory statements. With respect to the joint-employer test,

Plaintiffs simply restate the legal elements without providing factual support. *See, e.g., id.* ¶ 40

(stating Defendants "had the power to hire and fire Plaintiffs, controlled the terms and conditions

of employment and determined the rate and method of any compensation"). Plaintiffs' failure to

allege non-conclusory facts demonstrating 786 Corona Corp. and 108-01 Roosevelt Ave. Corp.

possessed the power to control Plaintiffs or Plaintiffs' work prevents any inference these

companies acted as a joint employer with JT Renovation.

As for the single-employer test, Plaintiffs assert the Defendant Corporations have

common ownership but fail to allege facts suggesting interrelated operations or centralized

control of labor relations. *See, e.g., id.* ¶ 35 ("Defendant Corporations act in the interest of one

another, pay employees by the same method, and share control over the employees."),

Ultimately, Plaintiffs do not allege sufficient facts evidencing a relevant connection between JT

Renovation and 786 Corona Corp. or 108-01 Roosevelt Ave. Corp., which precludes the Court

from inferring these companies operated as a single employer.

Consequently, the Complaint fails to state a claim upon which relief can be granted against 786 Corona Corp. and 108-01 Roosevelt Ave. Corp.

### ii. Individual Defendant Hafeez

Plaintiffs contend Individual Defendant Hafeez owns and operates JT Renovation and controls the other Defendant Corporations, therefore qualifying Hafeez as Plaintiffs' employer. *Id.* ¶¶ 2–3. "Evidence that an individual is an owner or officer of a company . . . is insufficient to demonstrate 'employer' status." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). Rather, "an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id.* Here, Plaintiffs merely recite the formulaic elements of what constitutes an employer. *See, e.g.*, Compl. ¶¶ 31 (alleging Hafeez possesses the power over all Defendant Corporations (1) to determine employee wages and compensation, (2) to set employee schedules, (3) to maintain employee records, and (4) to hire and fire employees). Plaintiffs omit factual allegations about who hired them, paid them, supervised them, or oversaw their employment. Plaintiffs' conclusory allegations regarding Individual Defendant Hafeez are insufficient to survive the motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss is GRANTED. Plaintiffs are granted thirty (30) days from the entry of this order to submit an Amended Complaint.

**SO ORDERED.**

# s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2025
      Brooklyn, New York